## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

Case No. 2:23-cv-14201

DARRELL DWAYNE EVANS,
An Individual,

      Plaintiff,

v.


PIERCE AFL VF, LLC.,
d/b/a SUNRISE VOLKWAGEN OF FT. PIERCE,
a Florida Limited liability company,

      Defendant.
_____/

## COMPLAINT AND DEMAND
## FOR JURY TRIAL

Plaintiff, DARRELL DWAYNE EVANS, an individual (the "**Plaintiff**"), brings this action against Defendant, PIERCE AFL VF, LLC., d/b/a SUNRISE VOLKWAGEN OF FT. PIERCE, a Florida limited liability company ("**Dealer**," "**Defendant,**" or "**Dealership**"), under the Consumer Leasing Act ("**CLA**"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("**Regulation M**") and Florida Deceptive and Unfair Trade Practices Act ("**FDUTPA**") § 501.203 and §501.976, and in support thereof states as follows:

### JURISDICTION AND VENUE

1.    The Court has federal question jurisdiction under 28 U.S.C. § 1331

because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2.     Further, the Court has supplemental jurisdiction over the state law claims under 28 USC § 1367.

3.     Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4.     Plaintiff is a natural person who at all relevant times resided in St. Lucie County, Florida.

5.     Defendant was at all relevant times, doing business in St. Lucie County, Florida.

## FACTUAL ALLEGATIONS

6.     In May of 2019, Defendant leased a new 2019 Volkswagen Atlas vehicle ("**Vehicle**") to Plaintiff.

7.     The Vehicle was leased under a Closed End Motor Vehicle Lease Agreement ("**Lease**") prepared by the Defendant.

8.     A copy of the Lease is attached as Exhibit "A."

9.     In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the lease term:

"You have an option to purchase the Vehicle at the end of the Lease

term for $20,843.70 plus a purchase option fee of $N/A. The purchase option price does not include official fees such as those for taxes, tags, licenses and registration."

*Id*. ¶ 28. ("**Purchase Option**").

10.     The total purchase option price was $20,843.70. ("**Purchase Option Price**").

11.     The Lease did not disclose any other fees or costs to be added to the Purchase Option Price for Plaintiff to exercise the Purchase Option.

12.     Plaintiff reasonably relied on these terms, including the Purchase Option Price, when agreeing to the Lease.

13.     In August of 2022, Plaintiff visited Defendant's dealership to exercise the purchase option and buy the Vehicle at the end of the lease term.

14.     However, to Plaintiff's surprise, Defendant required Plaintiff to pay two distinct pre-delivery service fees. The first fee in the amount of $399.00 was labelled as a "Electronic Registration Filing Fee" and the second fee in the amount of $23.00 was labeled as a "Third-party Private Tag Agency Fee" (hereinafter collectively the "**Pre-Delivery Service Fees**").

15.     In addition to the Pre-Delivery Service Fees, the dealership also charged a $405.61 lease buyout inspection fee as a condition to exercising the lease buyout provision ("**Inspection Fee**").

16.     A copy of the Inspection Fee invoice is attached as Exhibit "B".

17.     The Pre-Delivery Service Fees and the Inspection Fee are not official fees or taxes but profit for Defendant.

18.     Defendant never disclosed in the Lease that payment of an additional $829.61 above and beyond the purchase option price disclosed in the Lease was required to buy the vehicle at the end of the lease term.

19.     Defendant's failure to honor the Purchase Option Price in the Lease was the cause of Plaintiff' harm, as Plaintiff were left with no choice but to pay the additional fees that are contrary to the amount stated as the Purchase Option Price in the Lease.

20.     All conditions precedent to bringing this action have occurred or have been otherwise waived.

## COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

21.     The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

22.     Plaintiff are each a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

23.     Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

24.     Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current

calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

25.    As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

26.    Upon information and belief, Defendant financially gains on the resale of the Vehicle at the end of the Lease term.

27.    The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

28.    The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

29.    Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of the $405.61 Inspection Fee and $424.00 in Pre-Delivery Service Fees were required to exercise the purchase option at the end of the lease.

30.    Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $829.61 more than the Purchase Option Price was required to exercise the purchase option at the end of the lease. In addition, Plaintiff paid a higher amount as and for taxes on the subject transaction.

31.    Defendant violated 12 CFR § 1013.3(a) because the Purchase Option Price was unclear, inaccurate, and incomplete.

32.    These omissions were material to Plaintiff' decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

33.    Plaintiff suffered financial loss in that they paid $829.61 more than what the Lease required to buy the Vehicle.

34.    Plaintiff also paid an inflated amount as and for sales tax on the buyout transaction.

35.    Had Defendant provided an accurate, complete, and clear Purchase Option Price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or declined to lease the Vehicle.

36.    Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff which includes, *inter-alia*, inflated sales tax.

37.    Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, DARRELL DWAYNE EVANS, an individual, prays for relief and judgment against Defendant, PIERCE AFL VF, LLC., d/b/a SUNRISE VOLKWAGEN OF FT. PIERCE, a Florida limited liability company as follows:

A.    Actual and Statutory Damages as provided by law;

B.    An injunction prohibiting Defendant from engaging in further

activities that are in violation of the CLA;

C.      Pre-judgment and post-judgment interest, as allowed by law;

D.      Reasonable attorneys' fees and costs;

E.       Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell leased vehicles for the price identified in lease agreements; and,

F.      Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email:  Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357

/s/ Darren R. Newhart, Esq.
DARREN R. NEWHART, ESQ.
FL Bar No.: 0115546
SARAH CIBULA FELLER, ESQ.
FL Bar No.: 1027809
Email:  Darren@NewhartLegal.com
Sarah@NewhartLegal.com
**NEWHART LEGAL, P.A.**
P.O. BOX 1351
Loxahatchee, FL 33470

Tel: (561) 331-1806
Fax: (561) 473-2946

*Counsel for Plaintiff*